UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tommy Jones,

           Plaintiff,    Case No. 18-cv-13375

v.                                 Judith E. Levy
                                 United States District Judge

J.A. Terris,

                                 Mag. Judge David R. Grand
           Defendant.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
<u>HABEAS CORPUS [1]</u>**

Petitioner Tommy Jones filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is incarcerated at the Federal Correctional Institution in Milan, Michigan. He challenges his conditions of confinement, alleging that the Bureau of Prisons ("BOP") incorrectly categorized his security classification in retaliation for his filing of administrative appeals.

**I.    Legal Standard**

The Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must dismiss the petition. Rule 4, Rules Governing § 2254 Cases. Rule 4 permits the Court to dismiss a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

## II. Discussion

Petitioner alleges that his security classification is too high and that it was changed in retaliation for his filing of administrative grievances.

Habeas corpus petitions allow for challenges "to the validity of any confinement or to particulars affecting its duration." *Muhammed v. Close,* 540 U.S. 749, 750 (2004). For example, "challenging the fact or length of" confinement is a valid habeas challenge. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core [of habeas corpus]." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Turnboe v. Gundy*, 27 F. App'x 339, 340 (6th Cir. 2001) ("When a prisoner

2

challenges the conditions of his or her confinement but not the fact or length of his custody, the proper mechanism is a civil rights action.").

A claim that challenges a petitioner's placement in a particular prison or security level is not a challenge to the fact or length of the prisoner's confinement, but, instead, is a challenge to that prisoner's conditions of confinement. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *McCall v. Ebbert*, 384 F. App'x 55, 57–58 (3d Cir. 2010). "[P]lace of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to [*Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)]." *Palma-Salazar*, 677 F.3d at 1035 (quoting *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006)). Courts likewise hold that retaliation claims do not fall under § 2241 and should be brought as civil rights claims. *See Davis v. Zuercher*, No. 08-CV-207–KKC, 2009 WL 585807, at *5 (E.D. Ky. Mar. 6, 2009), *aff'd*, No. 09-5398 (6th Cir. Dec. 16, 2009) ("[T]he district court properly dismissed Davis's claims of retaliation and discrimination because those claims do not challenge the execution of his sentence and are therefore not cognizable under § 2241.").

Here, Petitioner challenges his public safety factor and resulting level of confinement, both of which are challenges to his conditions of confinement. As stated above, these are claims that should be brought under *Bivens*. He further alleges that his public safety factor was increased in retaliation for the filing of an appeal through the BOP's administrative remedy program. But Petitioner's retaliation claim does not implicate the duration of his confinement and must therefore be brought under *Bivens*, as well. As a result, the habeas petition is legally insufficient on its face since it is improperly brought as a habeas action.

## III.  Conclusion

Accordingly, the petition (Dkt. 1) is DISMISSED without prejudice.[1] The Court denies Petitioner leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed. R. App.

---

[1] Where a prisoner improperly brings a claim of unconstitutional conditions of confinement as a habeas claim, the district court must dismiss the action rather than recharacterizing the claim as a civil rights action. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Jackson v. Berghuis*, No. 15-cv-11622, 2016 U.S. Dist. LEXIS 86977, at *5 (E.D. Mich. July 6, 2016) ("The proper course for a district court after it determines that the substance of a state prisoner's pro se habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow Petitioner to raise his potential civil rights claims properly as a § 1983 action.").

P. 24(a).

IT IS SO ORDERED.

Dated: March 25, 2019          s/Judith E. Levy
  Ann Arbor, Michigan        JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2019.

                                              s/Shawna Burns
                                              SHAWNA BURNS
                                              Case Manager